IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRE BRODIE, | § | |
| | § | No. 103, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. No. 0504012182 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: August 4, 2014
Decided: August 22, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## ORDER

This 22nd day of August 2014, it appears to the Court that:

(1)     On February 27, 2014, the appellant, Andre Brodie, filed a notice of appeal from a Superior Court order dismissing his second motion for postconviction relief. For the reasons that follow, the Court concludes that the appeal must be dismissed.

(2)     Brodie's opening brief and appendix were originally due on or before April 21, 2014. After Brodie failed to file an opening brief, the Chief Deputy Clerk sent Brodie a notice of brief delinquency on April 22, 2014. The notice of brief delinquency stated that Brodie's opening brief and appendix were due on April 21, 2014 and that if a brief was not filed within seven days the Court would

consider entering an order resolving the matter against Brodie. On April 30, 2014, the Chief Deputy Clerk issued a notice to Brodie to show cause why his appeal should not be dismissed for his failure to diligently prosecute the appeal by not filing his opening brief and appendix. On May 9, 2014, Brodie filed a motion to obtain leave file out of time and for an extension. The Court granted Brodie's motion and ordered that he file his opening brief and appendix no later than June 9, 2014.

(3) After Brodie again failed to file an opening brief, the Chief Deputy Clerk sent Brodie a notice of brief delinquency on June 11, 2014. The notice of brief delinquency stated that Brodie's opening brief and appendix were due on June 9, 2014 and that if a brief was not filed within seven days of the notice the Court would consider entering an order resolving the matter against Brodie. In a motion dated June 6, 2014 and filed on June 12, 2014, Brodie requested an extension of thirty days to file his opening brief. On June 13, 2014, the Court granted Brodie's motion and ordered that he file his opening brief and appendix no later than July 9, 2014. In a letter dated June 19, 2014 and filed on June 23, 2014, Brodie responded to the June 11th notice of brief delinquency and indicated that he had requested an extension to file his opening brief.

(4) Brodie again failed to file his opening brief. On July 11, 2014, the Chief Deputy Clerk sent Brodie a notice of brief delinquency stating that Brodie's

2

opening brief and appendix were due on July 9, 2014 and that if a brief was not filed within seven days of the notice the Court would consider entering an order resolving the matter against Brodie. On July 23, 2014, the Chief Deputy Clerk issued a notice to Brodie to show cause why his appeal should not be dismissed for his failure to diligently prosecute the appeal by not filing his opening brief and appendix. In his response to the notice to show cause, Brodie claimed that he had responded to every notice he has received and that he had been waiting for the Court to inform him whether his appeal was still in effect. Brodie offered no explanation for his failure to file an opening brief and did not request any additional time to file an opening brief.

(5)     This Court may dismiss an appeal if an appellant fails to diligently prosecute the appeal.[1] It is the appellant's responsibility to prepare an opening brief.[2] The record reflects that, despite multiple extensions, the July 11, 2014 brief delinquency notice, and the July 23, 2014 notice to show cause, Brodie has not filed an opening brief and appendix. In light of Brodie's failure to diligently prosecute his appeal, the appeal must be dismissed.

---

[1] Supr. Ct. R. 29(b).

[2] Supr. Ct. R. 15(a)(i).

3

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

_____
Justice

4